UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                             CRIMINAL NO. 3:98CR26LS

WILLIE IVORY CHRISTMAS

MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendant Willie Ivory Christmas for return of property pursuant to Federal Rule of Criminal Procedure 41(g). Christmas is seeking the return of the following items of property which were declared forfeited in administrative forfeiture proceedings conducted by the Drug Enforcement Administration: 1)$39,491.57 seized from his Trustmark National Bank savings account; 2) a 1994 Chevrolet Truck; 3) $1,493.00 seized from his pockets at the time of arrest; 4) $2,897.00 seized from his residence; and 5) a golden chain he was wearing at the time of his arrest. The government has responded in opposition, asserting that petitioner's motion should be dismissed as time-barred, because the motion was filed November 18, 2004, more than six years after the declarations of forfeiture were entered on July 29, 1998.

While the government is correct that a six-year statute of limitations applies pursuant to 28 U.S.C. § 2401(a), Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000), the Fifth Circuit has recently held that "'[t]he accrual date [for a Rule 41(g) motion] is the date on which [the claimant] was on

reasonable inquiry notice about the forfeiture, i.e., the earlier of the following: when he has become aware that the government had declared the property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture.'" United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004) (quoting United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1211 (10th Cir. 2001)); see also United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000)("We emphasize that the limitations period begins to run, not when the claimant is on reasonable inquiry notice of the government's seizure of the property, or even when reasonable inquiry would have led to notice of the government's intention to declare forfeiture, but when reasonable inquiry would have led to notice of the forfeiture declaration itself."); United States v. Duke, 229 F.3d 627, 630 (7th Cir. 2000) (accrual date is when the claimant discovered or by exercise of due diligence would have discovered the forfeiture); Polanco v. DEA, 158 F.3d 647, 654 (2d Cir. 1998) (accrual date is when the claimant discovered or had reason to discover that his property had been declared forfeited without sufficient notice).

    Here, the earliest possible accrual date triggering the limitations period is the conclusion of the forfeiture proceedings on July 29, 1998. Accordingly, this court must determine whether petitioner was on reasonable inquiry notice of the forfeiture declaration after July 29, 1998, but before November 18, 1998, six

years prior to the filing of his motion.[1]  If so, absent any reason that the limitations period should be tolled, Christmas is barred from proceeding with this action.  If not, he may proceed.  See Minor, 228 F.3d at 360.  The court is unable to make such a determination at this time, based on the record before it.[2]  As such, the government is directed to respond to the court's opinion within thirty days of the entry of this order, following which, the petitioner will have twenty days to respond to the government's submission.

SO ORDERED this 12th day of May, 2005.


                                           /s/ Tom S. Lee
                                        UNITED STATES DISTRICT COURT

---

[1] See Wright, 361 F. 3d at 290 (quoting Rodriguez-Aguirre, 264 F.3d at 1211)(instructing the district court to determine when petitioner had "reasonable inquiry notice of the forfeiture, i.e., 'when he has become aware that the government had declared the property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture.'").

[2] In his reply to the government's response, petitioner asserts that he did not know or have reason to know of the forfeiture until he filed his motion November 15, 2004, or on May 5, 2005, when he received the government's response informing him of the forfeiture.